CARBONELL *v.* REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 816.—Resuelto en junio 29, 1912.

SUBSANACIÓN DE ERRORES EN LAS INSCRIPCIONES—ERRORES MATERIALES.—Existe el error material cuando sin intención conocida se escribe una palabra por otra, se omite la expresión de alguna circunstancia cuya falta no sea causa de nulidad, ó se equivoquen los nombres propios, o las cantidades al copiarlas del título, sin cambiar por eso el sentido general de la inscripción.

ID.—ERRORES DE CONCEPTO.—Existe el error de concepto cuando al expresar en la inscripción algunos de los contenidos del título, se altera o varía su sentido, sin que esa falta produzca necesariamente la nulidad de la inscripción.

ID.—ERRORES DE CONCEPTO—SEGREGACIÓN EQUIVOCADA DE UNA PARCELA.—Habiendo consistido el error de la inscripción de que se trata en este caso, en segregar para Don Carlos Casabó Miret una parcela más de las que se le habían adjudicado, tal error constituye un error de concepto y no una simple equivocación material.

ID.—PROCEDIMIENTO DE LEY—ERRORES DE CONCEPTO—ACUERDO DE LOS INTERESADOS Y EL REGISTRADOR.—Cuando se trata, como en el caso de autos, de un error de concepto que no resulta claramente de la propia inscripción, es necesario para subsanar dicho error, de acuerdo con el artículo 256 de la Ley Hipotecaria, que todos los interesados y el registrador estén de acuerdo en la rectificación, y si no fuere posible obtener el consentimiento de todos, entonces, de acuerdo con los artículos 294 y 298 del reglamento de la Ley Hipotecaria, es necesario presentar una solicitud a la corte de distrito correspondiente, la cual oirá a los interesados, en la forma establecida para la constitución de hipotecas legales y dictará providencia denegando o mandando a hacer la rectificación.

ID.—CASOS EN QUE PROCEDE LA ACCIÓN ORDINARIA.—Cuando establecido el procedimiento indicado en el párrafo anterior, el registrador o cualesquiera de los interesados se opusieran a la subsanación del error por entender que no existe error de concepto, entonces, de acuerdo con el artículo 257 de la Ley Hipotecaria, debe de discutirse la subsanación de dicho error en una acción ordinaria.

ID.—INTERVENCIÓN DE LOS INTERESADOS.—Cuando, como en el caso de autos, se ha establecido la acción ordinaria, sin antes haber promovido el procedimiento indicado en los párrafos anteriores, con intervención de todos los interesados en la inscripción cuyo error se trata de subsanar, la sentencia que declare sin lugar la demanda por no aducir hechos bastantes para constituir una acción, se ajusta a derecho.

ID.—PROCEDIMIENTO DETERMINADO POR LA LEY—ELECCIÓN DE OTRO PROCEDIMIENTO DISTINTO.—Cuando la ley establece un procedimiento determinado para ejercitar una acción, no es lícito a las partes el prescindir de él para acudir a otro distinto, por lo que habiendo fijado la Ley Hipotecaria un procedimiento rápido para la subsanación de errores de concepto, cuando no se niega que tal error exista, no puede acudirse al procedimiento fijado para cuando se niega la existencia de tal error.

ID.—SUFICIENCIA DE LA DEMANDA.—Para que de acuerdo con la Ley Hipotecaria pueda establecerse pleito contra el registrador por negarse a la rectificación de un asiento, es necesario que su oposición esté basada en que no existe error de concepto en dicho asiento, y por consiguiente, la demanda debe contener esta alegación para que aduzca hechos suficientes que determinen una causa de acción, lo cual no ocurre en el caso de autos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Benito Forés.*

Abogado del apelado: *Sr. Fernando Vázquez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La Hacienda Restauración, radicada en Cabo Rojo e inscrita en el Registro de la Propiedad de San Germán, con una cabida de 700 cuerdas a favor de Doña Gumersinda Casabó Miret, fué repartida entre sus siete herederos, quienes para el pago de las deudas hereditarias segregaron de ella dos parcelas que con ese fin adjudicaron al heredero Don Carlos Casabó Miret, siendo una de 77 cuerdas y la otra de 216, pero formada ésta por dos porciones, siendo la una de 200 cuerdas y la otra de 16, quedando por tanto un resto para repartir entre los siete herederos, de 407 cuerdas que se adjudicaron en común proindiviso.

A pesar de que esto así resulta claramente de la escritura particional, sin embargo, al inscribirla el entonces Registrador de la Propiedad de San Germán Sr. Beamud, hizo constar en la inscripción segunda de dicha finca, que de ésta se adjudicaron a Don Carlos Casabó Miret para el pago de bajas, 309 cuerdas, divididas en tres porciones, siendo una de 216 cuerdas, otra de 16 y la tercera de 77; adjudicándoles a los siete herederos en proindiviso las 391 cuerdas restantes.

Posteriormente las dos parcelas adjudicadas especialmente a Don Carlos Casabó Miret para el pago de deudas, llegaron a ser propiedad de Don Virgilio Zapata, la de 77 cuerdas, y de la de 216 adquirió Don Ramón Garratazú la porción de 200 cuerdas y la otra de 16 cuerdas fué adquirida por Don Juan José Irizarry Toro y fueron inscritas como fincas separadas.

Dueño Don Celedonio Carbonell por sucesivas compras de todos los condominios indivisos que correspondían a los siete herederos en el resto de 407 cuerdas según la escritura de partición, pero para quienes sólo había inscrito 391 cuerdas el Registrador Sr. Beamud, acudió en 29 de abril de 1910 al actual Registrador de la Propiedad de San Germán en solicitud de que se sirviera rectificar el referido asiento de la inscripción segunda, por existir en él un error de caracter material, y a fin de que hiciera constar la verdadera cabida de 407 cuerdas que fueron las adjudicadas a los herederos. Esa rectificación fué negada por dicho registrador.

En vista de esta negativa, Don Celedonio Carbonell acudió entonces a la Corte de Distrito de Mayagüez con una solicitud *ex parte,* en la que expresó los anteriores hechos y pidió que se ordenara al Registrador de la Propiedad de San Germán que subsanara el error que existía en el mencionado asiento, ya fuera material o de concepto. Esta solicitud la desestimó la corte en resolución de 31 de octubre de 1910, por el fundamento de que el registrador se había opuesto a ella y de que podían haber otras personas interesadas en el expediente.

Tales son los hechos que han motivado la demanda que en 31 de mayo de 1911 estableció Don Celedonio Carbonell en la Corte de Distrito de Mayagüez contra el Registrador de la Propiedad de San Germán, la que fué contestada por Don Rafael B. Sama, con una negación general, y manifestando además, que no procedía el juicio declarativo contra las resoluciones de los registradores y que no se ha negado a la rectificación por creer que el concepto no esté conforme con el título, sino por no constar que se hayan puesto de acuerdo las distintas personas interesadas en la inscripción.

Después de celebrado el juicio, la expresada corte dictó su sentencia de 11 de diciembre de 1911 por la que declaró sin lugar la demanda, por no aducir hechos suficientes para determinar una causa de acción, con las costas, y contra

cuya sentencia se ha interpuesto el presente recurso de apelación por el demandante Don Celedonio Carbonell.

Con tales hechos la corte inferior llegó a la conclusión de que el error es evidente, consistiendo la diferencia en las 16 cuerdas erróneamente inscritas como segregadas por separado e independiente de la finca de 216 cuerdas; que además del demandante hay otras personas interesadas en la inscripción que se trata de rectificar; que el procedimiento para la rectificación no es el de un juicio declarativo, y que la demanda no aduce hechos bastantes para determinar una causa de acción. Estas son también las cuestiones que en su alegato trata el recurrente.

En cuanto al primer extremo, sostiene el apelante que es equivocada la apreciación que hizo la corte inferior, de que el error consista en haber sido inscrita equivocadamente 16 cuerdas como independientes de las 216, porque esa diferencia no está inscrita a nombre de nadie ni se ha formado con ella una finca aparte. A pesar de que esa segregación de 16 cuerdas no se inscribió como finca aparte como debió hacer el registrador, tampoco las otras segregaciones se inscribieron en esa forma hasta que pasaron a distintas personas, pero esto no obstante, es lo cierto que en la inscripción que motivó la escritura de partición de bienes, se hizo constar que se segregaban para Don Carlos Casabó Miret, en vez de dos, tres parcelas con 77,216 y 16 cuerdas que formaron 309 cuerdas, cuando en realidad sólo se habían segregado 293 y cuyo error produjo la de inscribir a los herederos 391 cuerdas como resto de las 700, cuando eran 407, como expresaba la partición de bienes. Aun cuando no se hizo una inscripción separada de las segregaciones, sin embargo, en el asiento se consignó en esa forma la inscripción de esas tres parcelas.

Por la forma en que ha sido hecho ese asiento su subsanación ha de afectar no sólo a la participación de los herederos por las 407 cuerdas, sino que para que ésta cantidad de cuerdas resulte, es preciso que desaparezca la segrega-

ción errónea de las 16 cuerdas que aun figuran a nombre de Don Carlos Casabó Miret. El que no se hiciera una inscripción separada para esa segregación de 16 cuerdas no desvirtúa la inscripción que en el mismo asiento se hizo por ellas a favor del Sr. Casabó Miret, y por tanto éste ha de figurar como interesado para la subsanación del error.

Desde luego que en este caso el error que padeció el Registrador Sr. Beamud, fué de concepto y no material. Este existe cuando sin intención conocida se escribe una palabra por otra, se omite la expresión de alguna circunstancia cuya falta no sea causa de nulidad o se equivocan los nombres propios o las cantidades al copiarlas del título, sin cambiar por eso el sentido general de la inscripción, pero cuando al expresar algunos de los contenidos del título se altera o varía su sentido, sin que esa falta produzca necesariamente nulidad, entonces el error es de concepto. El error en este caso consistió en segregar para Don Carlos Casabó Miret una parcela más de las que se le habían adjudicado y por eso no fué una simple equivocación material. (Art. 259 y 260 de la Ley Hipotecaria.)

Sentado esto, veamos si al establecerse esta demanda se ha seguido por Don Celedonio Carbonell el procedimiento de la ley para obtener la subsanación del error existente.

Antes de seguir adelante en este particular, hemos de consignar que en este caso el error no resulta claramente de la propia inscripción, porque con la sola lectura de tal asiento no se hecha de ver el error, y para conocerlo es necesario compararlo con el título que lo originó. Siendo este el caso, y cuando de errores de esta naturaleza se trata, dice la Ley Hipotecaria lo siguiente:

"Artículo 256.—Los errores de concepto cometidos en inscripciones, anotaciones o cancelaciones, o en otros asientos referentes a ellas, cuando no resulten claramente de las mismas, no se rectificarán sin el acuerdo unánime de todos los interesados, y del registrador, o una providencia judicial que lo ordene.

"Los mismos errores cometidos en asientos de presentación y notas, cuando la inscripción principal respectiva basta para darlos a conocer, podrá rectificarlos por sí el registrador."

De acuerdo con este precepto será necesario en este caso, por tratarse de error de concepto que no resulta de la propia inscripción, que todos los interesados y el registrador estén de acuerdo en la rectificación; mas si no fuere posible obtener el consentimiento de todos, entonces será preciso, de acuerdo con los artículos 298 y 294 del reglamento para la ejecución de la Ley Hipotecaria, acudir al juez de partido (hoy a la corte de distrito) con su solicitud, quien oirá a los interesados, en la forma establecida para la constitución de hipotecas legales y dictará providencia denegando o mandando a hacer la rectificación. No obstante este procedimiento, si el registrador o cualquiera de los interesados se opusiera por entender que no existe tal error de concepto, entonces, de acuerdo con el artículo 257 de la Ley Hipocaria, la cuestión habrá de resolverse en un juicio declarativo. En el presente caso el registrador no niega que haya error de concepto, sino que hasta ahora se ha negado y se niega a la rectificación porque no han intervenido todos los interesados en la inscripción, en lo que tiene razón, porque Don Carlos Casabó Miret debe ser oído antes de que la rectificación pueda hacerse ni ordenarse.

No estamos pues en el caso en que puede establecerse el pleito en juicio declarativo, sino que ha debido acudirse al procedimiento que antes hemos mencionado. Es verdad que ya antes el Sr. Carbonell comenzó ese procedimiento y fué desestimada su solicitud porque no había hecho parte en el expediente a otras personas que resultaban interesadas; pero si hubiera procurado la citación de esas personas, se hubiera seguramente evitado este pleito y probablemente hubiera conseguido sus deseos.

Cuando la ley establece un procedimiento determinado para ejercitar una acción, no es lícito a las partes el prescindir de él para acudir a otro distinto, por lo que habiendo

fijado la Ley Hipotecaria un procedimiento rápido para la subsanación de errores de concepto, cuando no se niega que tal error exista, no puede acudirse al procedimiento fijado para cuando se niega la existencia de error. (*Márquez* v. *Aguiló*, 8 D. P. R., 563.)

Para que de acuerdo con la Ley Hipotecaria pueda establecerse pleito contra el registrador por negarse a la rectificación de un asiento, es necesario que su oposición esté basada en que tal error no existe, y por consiguiente, la demanda debe contener esta alegación para que tenga hechos bastantes que determinen una causa de acción, lo que no ocurre en este caso.

Por estas razones la sentencia apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado MacLeary.

Los Jueces Asociados Sres. Wolf y del Toro firmaron haciendo constar estar conforme con la sentencia.